780 So.2d 943 (2001)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Krist NIKOLLAJ, Respondent.
No. 5D00-3335.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
Rehearing Denied March 27, 2001.
Enich J. Whitney, General Counsel and Heather Rose Cramer, Assistant General Counsel, West Palm Beach, for Petitioner.
Michael J. Snure and Ian D. Midgley of Kirkconnell, Lindsey and Snure, P.A., Winter Park, for Respondent.
PER CURIAM.
Petitioner, the Department of Highway Safety and Motor Vehicles, seeks certiorari review of a circuit court order which granted certiorari relief, and quashed an administrative order which upheld the suspension of respondent's driver's license. The dispute centers around whether the suspension portion of the DUI citation was properly marked, and sufficient to comply with the statutory notice requirements.
The facts in the record show that on June 12, 1999, respondent, Krist Nikollaj, was stopped for erratic driving. Deputy Morris observed respondent driving his car down a concrete median approximately 25 feet, and then running a red light. When respondent was stopped, Deputy Morris noticed a strong odor of an alcoholic beverage about his person and breath. Deputy Morris also noticed that respondent's eyes were watery and his balance was less than normal. Respondent agreed to perform roadside sobriety tests and did poorly on them. Respondent was thereafter placed under arrest for driving under the influence, and transported to the county jail. He agreed to take a breath test, and the results were 0.123 and 0.122, both above the legal limit. Accordingly, respondent *944 was issued a citation for driving with an unlawful blood-alcohol level and his license was suspended pursuant to section 322.2615, Florida Statutes.
Pursuant to section 322.2615(1)(b)(3), respondent requested a formal review of his driver's license suspension, which was conducted by a hearing officer. After consideration of the evidence presented, the hearing officer determined that the preponderance of the evidence supported respondent's license suspension. The Department informed respondent in an order dated August 27, 1999, that the suspension of his driving privilege for driving with an unlawful blood-alcohol level was sustained for a period of six months.
On September 27, 1999, respondent filed a petition for writ of certiorari in the circuit court challenging the Department's ruling. On April 10, 2000, the circuit court granted the petition for writ of certiorari and quashed the administrative order. The circuit court found the DUI citation failed to clearly indicate whether the driving privilege was suspended for driving with an unlawful blood alcohol level or for refusing to submit to a blood alcohol test. The Department now seeks certiorari review of the circuit court's order. See generally Conahan v. Dept. of Highway Safety and Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993) (district court's review of circuit court order entered in appellate capacity is limited to whether circuit court afforded due process and applied the correct law).
Section 322.2615, Florida Statutes (2000) states in pertinent part:
(1)(b) The suspension under paragraph (a) shall be pursuant to, and the notice of suspension shall inform the driver of, the following:
1.a. The driver refused to submit to a lawful breath, blood, or urine test and his or her driving privilege is suspended for a period of one year for a first refusal or for a period of 18 months if his or her driving privilege has been previously suspended as a result of a refusal to submit to such a test; or
b. the driver violated section 316.193 by driving with an unlawful blood-alcohol level as provided in that section and his or her driving privilege is suspended for a period of six months for a first offense or for a period of one year if his or her driving privilege has been previously suspended for a violation of section 316.193.
Respondent's attorney filed an objection before the hearing officer on the basis that the DUI citation did not contain a check next to the appropriate box, and therefore did not inform respondent of whether his license was being suspended for failure to submit to a breath or blood test or for driving with an unlawful blood-alcohol level. The hearing officer overruled this objection, finding that the suspension order showed an "x" by the box reserved for driving with an unlawful blood-alcohol level. The hearing officer also found that when respondent requested a hearing regarding the suspension, all requests for witnesses were made for the purpose of contesting the suspension for driving with an unlawful blood-alcohol level.
The copy of the DUI citation submitted into evidence was an admittedly poor copy and the officer's handwriting is barely legible. However, the hearing officer found that there was an "x" next to the section of the form citation which stated that the driving privilege was suspended for driving with an unlawful blood-alcohol level. An independent review of the citation shows two lines directly to the left of the box which could be construed as an "x." The circuit court, though, quashed the suspension on the basis that the appropriate box was not clearly marked, and relied on one of its earlier cases, Seefelt v. State, Dept. of Highway Safety & Motor Vehicles, Division of Driver Licenses, No. 98-2 (18 Jud. Cir., April 6, 1998). In Seefelt, the circuit court quashed a driver's license suspension because the citation the driver *945 received failed to have a check mark either indicating that the driving privilege was suspended for driving with an unlawful blood-alcohol level, or for refusing to submit to a breath or blood test.
The Department in Seefelt submitted a citation in which the appropriate box was checked. Seefelt, though, claimed that the citation he received was different than the citation submitted by the Department. On the DUI citation Seefelt received, no boxes were checked. The circuit court found that Seefelt had not received the required notice of suspension, and the Department had submitted a corrected copy not seen by Seefelt. The circuit court found that the Department was "without jurisdiction" to go forward in the attempt to suspend Seefelt's driving privilege.
In the instant case, there was no claim by respondent that the DUI citation he received was different than the one placed into evidence by the Department. There is only the question of whether the evidence was legally sufficient to show that respondent received the proper notice. In addition to the admittedly poor copy of the DUI citation, the evidence contained respondent's application for a formal review, in which respondent acknowledges that his license was suspended for a blood alcohol level over 0.08. The application also concedes that respondent's driver's license was surrendered to the arresting officer. The DUI citation itself has an "x" next to the box indicating that the license was surrendered, and informs respondent that he may request within 10 days of his arrest a review of the suspension at the Winter Park Driver Improvement Hearing Office. So even if the circuit court found that the appropriate box on the citation was not clearly marked to show the reason for his suspension, the evidence was nevertheless sufficient that respondent had notice of the suspension of his license and the reason for it. Respondent never claimed that he did not receive notice of the suspension or the reason for it, rather, he objected on a jurisdictional basis, that the Department lacked jurisdiction due to the incomplete suspension portion of the DUI citation. However, it is clear that the Department had jurisdiction, as the arresting officer forwarded to the Department all of the necessary documents under section 322.2615(2), Florida Statutes, including the DUI citation with the notice of suspension. Although the circuit court did not use the term "jurisdiction" in its opinion, it appears that it accepted respondent's argument that the Department lacked jurisdiction to uphold the license suspension because it was not clear from the citation whether respondent received the proper notice.
As this court stated in State v. Hancock, 529 So.2d 1200 (Fla. 5th DCA 1988), not all statutory procedural requirements are jurisdictional in the sense that they are indispensable to the acquisition of jurisdiction. Once respondent requested a formal review of his license suspension, the Department had jurisdiction to conduct the administrative hearing. The main issue is whether respondent had notice of the license suspension and the reason for it, which was answered in the affirmative by respondent's own application for formal review. Therefore, the circuit court misapplied the law in quashing the license suspension. Cf. Dept. of Highway Safety and Motor Vehicles v. Perry, 751 So.2d 1277 (Fla. 5th DCA 2000) (although arrest report did not indicate whether licensee was fully apprised of her obligations under the implied consent statute, other evidence was in the record which indicated that licensee was given proper notice, and this evidence could be considered by hearing officer in determining whether license was properly suspended). As the supreme court stated in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla. 1995), whether the circuit court applied the correct law as a standard of review is synonymous with whether the circuit court observed the essential requirements of law. In the instant case, the circuit court did not observe the essential requirements *946 of law. It narrowly focused on the copy of the DUI citation with its poor quality and held that there was no competent, substantial evidence that the notice of suspension was clearly marked. However, even if the box was not clearly marked, the circuit court ignored the more important question of whether the evidence showed respondent had actual notice of the reason his license was suspended. Cf. Massey v. State, 609 So.2d 598 (Fla.1992) (state's error in failing to serve defendant with written notice of its intent to seek habitual offender sentence harmless where defendant and his attorney had actual notice of state's intent). The circuit court misapplied the law in this case by elevating form over substance.
We grant the petition and quash the circuit court opinion.
PETITION GRANTED.
COBB, PETERSON and PLEUS, JJ., concur.