905 So.2d 922 (2005)
Rockallen GREEN, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 1D04-4668.
District Court of Appeal of Florida, First District.
May 23, 2005.
Rehearing Denied July 6, 2005.
David M. Robbins, Esquire, and Susan Z. Cohen, Esquire, Jacksonville, for Petitioner.
Enoch J. Whitney, General Counsel, and Bryan Thomas Pugh, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Respondent.
HAWKES, J.
Rockallen Green (Petitioner) seeks certiorari review of the circuit court's denial of his petition for writ of certiorari. Our inquiry on second-tier certiorari review is limited to whether the circuit court afforded procedural due process and applied the correct law. See Parker Family Trust I v. City of Jacksonville, 804 So.2d 493 (Fla. 1st DCA 2001). Concluding the circuit court did both, we deny the petition.

Factual Background
Petitioner's driver's license was administratively suspended when his breath-alcohol *923 test, administered after his arrest for driving under the influence (DUI), revealed blood alcohol levels of .100 and .102. The citation Petitioner was issued indicated he was arrested for driving with an unlawful blood alcohol level, and that his license was suspended for that reason. Petitioner requested formal review of the suspension pursuant to section 322.2615, Florida Statutes (2003). His request indicated the suspension was due to receiving a DUI citation, and his license was taken by the arresting officer at the time of his arrest.
During the administrative review of his license suspension, Petitioner's breath test results were admitted into evidence. After also hearing testimony regarding Petitioner's erratic driving, and his appearance and slurred speech upon being stopped by police, the administrative law judge (ALJ) upheld the administrative suspension of Petitioner's driver's license, finding he had an unlawful alcohol level of .08 or higher.
Petitioner sought certiorari review in the circuit court. In essence, Petitioner made the following two arguments: (1) the plain language of section 322.2615(7)(a)3, Florida Statutes (2003), required the ALJ to determine whether Petitioner had an unlawful blood alcohol level, and the only evidence presented was his breath alcohol test results, which did not constitute proof of an unlawful blood alcohol level; and (2) he was denied adequate notice of the charge against him, because the charging citation was for an unlawful blood alcohol level, and he was never administered a blood alcohol test.
The circuit court rejected Petitioner's arguments, concluding the legislature intended to use the terms "unlawful blood alcohol level" and "unlawful breath or blood alcohol level" interchangeably within that section, and to construe the statute any other way would lead to an absurd result. Alternatively, the court concluded proof of Petitioner's breath alcohol constituted evidence of his blood alcohol. In light of these rulings, the court concluded Petitioner's due process arguments were moot. We concur in all respects.

Statutory Construction
A basic tenet of statutory construction compels a court to interpret a statute so as to avoid a construction that would lead to an absurd or ridiculous result. See State v. Atkinson, 831 So.2d 172 (Fla. 2002). It is evident that in enacting section 322.2615, Florida Statutes, the legislature intended to suspend the driver's licenses of persons arrested for driving with an unlawful breath or blood alcohol level. It is also evident the legislature intended persons whose driver's licenses were suspended because of a failed breath alcohol test to have the same formal review rights as those whose licenses were suspended because of a failed blood alcohol test. See Dep't of Highway Safety & Motor Vehicles v. Patrick, 895 So.2d 1131 (Fla. 5th DCA 2005). Under the construction argued by Petitioner, persons whose driver's licenses were suspended because of a failed breath alcohol test, as opposed to a failed blood alcohol test, would have no formal review rights, rendering the statute unconstitutional as a violation of due process.

Breath Alcohol Constitutes Evidence of Blood Alcohol
However, even without judicially including the term "breath alcohol" in the statute, the breath alcohol test results provided competent, substantial evidence that Petitioner had an unlawful blood alcohol level. "The level of alcohol in one's breath is dependent upon the level of alcohol in one's blood." State v. Brigham, 694 So.2d 793, 795 (Fla. 2d DCA 1997). "The greater the blood alcohol concentration, the higher the breath alcohol concentration. *924 The relationship between these two concentrations is derived by a formula ..." Id. "[F]or legal purposes, it is reasonable to assume that the weight of the alcohol present in one milliliter of any person's blood is equivalent to the weight of alcohol present in 2100 milliliters of that person's breath at 34 degrees centigrade." Id. "All breath testing devices currently on the National Highway Traffic Safety Administration's list of devices conforming to its model specification for breath testing equipment use this ratio." Id. "The 1:2100 ratio is also recognized by the Committee on Alcohol and Other Drugs of the National Safety Council as an accurate way to determine blood alcohol content." Id. Section 316.193(1)(b)-(c), Florida Statutes (2003), provides that a person is legally intoxicated if he has a blood alcohol level of .08 or more grams of alcohol per 100 milliliters of blood, or a breath alcohol level of .08 or more grams of alcohol per 210 liters of breath.
Clearly, a breath test reading in grams per 210 liters of breath is a legally equivalent expression of a blood alcohol level.

Due Process
Petitioner's application for formal review indicated he received notice of the license suspension and the reason for it, (i.e., because he received a citation for DUI). See Dep't of Highway Safety & Motor Vehicles v. Nikollaj, 780 So.2d 943, 945 (Fla. 5th DCA 2001). Petitioner knew no blood test had been given, and that he had an unlawful breath alcohol. Consequently, he had actual notice of the reason his license was suspended. See id.
The petition for writ of certiorari is DENIED.
ALLEN, and LEWIS, JJ., concur.