HAWKES, C.J.
Appellant serves as the personal representative of the estate of Samuel Gus Fe-tos. As personal representative, she challenges the denial of her petition to strike a claim filed against the estate by Wald as untimely under section 733.702(1), Florida Statutes (2009). The probate court denied the petition, finding the time constraints of section 733.702(1) inapplicable because the notice to creditors was improperly served on Wald. We find this reasoning without statutory support and, therefore, reverse.
Wald was involved in an automobile/motorcycle accident with the decedent and brought a personal injury lawsuit to recover damages. Wald eventually prevailed in his lawsuit, but the judgment was not rendered until after the decedent’s death. Some time after obtaining the judgment, Wald filed a claim against the probate estate.
In response, the personal representative filed a petition to dismiss the claim. The personal representative argued Wald’s claim was untimely as it was not filed within the statute of limitations established in section 733.702(1). This provision states all claims against a decedent’s estate aris *1157 ing before the decedent’s death [1] must be filed either within three months of publication of the notice to creditors or 30 days after personal service of the notice upon the creditor. The personal representative argued she had served notice on Wald’s attorney as required by Florida Probate Rule 5.041(b) (2009) on May 23, 2007, thus triggering the time constraints of section 733.702(1). Therefore, under the statute, Wald had until June 22, 2007, to file any claim he might have. Since Wald’s claim was not filed until July 2, 2007, the personal representative argued it was untimely and forever barred.
The probate court rejected this argument. It found service of the notice was ineffective because it was served upon Wald’s “personal injury” attorney, rather than upon his “probate” attorney. The court went on to reason that because service of the notice was ineffective, Wald’s claim was not governed by the 30-day time constraint of section 733.702(1). Since the claim was not constrained by the 30-day claim period, the court denied the personal representative’s petition to strike the claim as untimely. This appeal followed.
There are two reasons why the probate court erred in finding the time constraints of section 733.702(1) inapplicable.
First, the Florida Probate Rules do not make any distinction based on the scope of an attorney’s representation of a client. A personal representative would have no way of knowing such information. These descriptive labels, such as “probate” attorney or “personal injury” attorney do not appear in the Rule 5.041(b), which governs the service of pleadings and papers in probate actions. Instead, the Rule simply requires that if a creditor is represented by an attorney, service must be on the attorney and not on the creditor. The language of Rule 5.041(b) states that “when service is required or permitted to be made on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court.” (emphasis added).
Given the foregoing, it seems bizarre to declare service invalid simply because the attorney who was served later claims he is not the “probate” attorney but the “personal injury” attorney. This not only adds terms and conditions not found in the Rule, but also puts the Rule at odds with section 733.702(4). If this interpretation of the Rule were correct, a personal representative wishing to impose or rely on the statutory 30-day claim period would be frustrated if one of the estate’s creditors were represented by an attorney. This is so because, at any time, the creditor would have the option of retaining additional counsel and labeling that attorney as the “probate attorney,” thereby rendering the estate’s service void and avoiding the 30-day claim period. The personal representative would have no way of knowing whether service was obtained because he would not know if additional counsel, appropriately labeled, would be later retained. To have certainty, the personal representative would have no alternative but to ignore the mandates of the Rule and serve the creditor directly to achieve the benefits of the statute.
This case serves as an illustration. At the time that notice was served, Wald had representation. Wald’s attorney had handled his entire “personal injury” claim and was familiar with every aspect of the *1158 claim.[2] No other attorney was involved on Wald’s behalf. The notice was served on the attorney and contained the warning that that any probate claim was to be filed within 30 days or be forever barred. Wald argues his tardiness should be overlooked because he had not labeled the attorney as his “probate attorney.” Semantics should not be allowed to render Rules meaningless and statutes uncertain. The time constraints contained in section 733.702(1) are important and should not be skirted by legal gamesmanship. See Mack v. Perri, 24 So.3d 697 (Fla. 1st DCA 2009).
Second, regardless of whether the attorney served was labeled the “probate” or the “personal injui*y” attorney, the record reflects that Wald had actual notice and that he received notice in time to file the claim. Wald received all process that was due. The record contains Wald’s original statement of claim against the estate. Although the claim was not filed until July 2, 2007, Wald signed the claim on June 16, 2007 — at least six days before the time for filing claims was to expire. “[D]ue process requires the personal representative to give notice by any means that is certain to ensure actual notice of the running of the non-claim period.” Estate of Ortolano, 766 So.2d 330, 332 (Fla. 4th DCA 2000) (emphasis added). Considering the date of Wald’s signature, he had actual notice and sufficient time to file a claim within the 30-day statute of limitations. Therefore, any failure was not in the service of the notice, but in the untimely filing of the claim. Since there was no excuse for Wald’s failure to file the claim in a timely manner, it should have been declared time barred under section 733.702(1).
The probate court erred in denying Grainger’s petition for an order striking the probate claim as untimely. This matter is REVERSED and REMANDED for proceedings consistent with this opinion.
THOMAS, J., concurs; BENTON, J., dissents with opinion.

. Section 733.702(1) includes all claims within its scope, "even if the claims are unma-lured, contingent or unliquidated.”

. Filing a probate claim is a relatively simple act and requires nothing more than submitting a written statement of the case. If for some reason Wald's attorney was unable to file die claim, he certainly could have referred Wald to another attorney or advised Wald about the need to timely file a claim. Wald's attorney failed to accomplish this simple task.