KHOUZAM, Judge.
 

 Richard Boosinger and Brenda Barde-lang, his wife, appeal an order denying their motion for relief from a final order of
 
 *153
 
 dismissal and for reinstatement of their cause of action. We reverse.
 

 In September 2008, the trial court clerk of court generated a “notice of lack of prosecution” and a “motion to dismiss for lack of prosecution and notice of hearing” in Mr. Boosinger’s and Ms. Bardelang’s case pursuant to Florida Rule of Civil Procedure 1.420(e). After sixty days had elapsed, the trial court entered an order dismissing the action for lack of prosecution. Within thirty days thereafter, counsel for Mr. Boosinger and Ms. Bardelang filed a verified motion for relief from the dismissal order.
 

 In the motion for relief, counsel averred that she had not received the notice of lack of prosecution, motion to dismiss for lack of prosecution and notice of hearing, or a copy of the rendered order of dismissal. Counsel later supplemented the motion with documents from the clerk’s office that demonstrated that the clerk of court had not updated the attorney of record for the plaintiffs and continued to list, as the attorney of record, an attorney associated with the original law firm that represented Mr. Boosinger and Ms. Bardelang in this action. The designated attorney of record remained unchanged in the clerk’s entries notwithstanding the fact that an order substituting counsel, which reflected representation by a different law firm, and a subsequent notice of change of address for the new law firm had been properly filed. It is undisputed that the clerk of the court sent these filings to the old address and that the attorney who continued to be listed as the attorney of record was deceased. Following a hearing, the trial court denied the motion for relief from the final order of dismissal.
 

 Rule 1.420(e) provides:
 

 Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
 

 Fla. R. Civ. P. 1.420(e) (emphasis added). The conditions precedent contained in the provisions of rule 1.420(e) were not satisfied because Mr. Boosinger’s and Ms. Bar-delang’s attorney was not properly served with the notice of lack of prosecution.
 
 [1]
 
 
 *154
 
 And, here, the failure to properly effect service deprived these plaintiffs of the opportunity to avail themselves of the sixty-day period provided by the rule within which to act upon the notice.
 
 [2]
 
 Under these circumstances, the trial court abused its discretion in denying the motion for relief from the dismissal order.
 
 [3]
 

 Accordingly, we reverse the order denying the motion for relief from the final order of dismissal and remand for reinstatement of the cause of action.
 

 Reversed and remanded.
 

 ALTENBERND and NORTHCUTT, JJ., Concur.
 

 [1]
 

 . Florida Rule of Civil Procedure 1.080(b) provides, in pertinent part:
 

 When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy or mailing it to the attorney or the party at the last known address or, if no address is known, by leaving it with the clerk of the
 
 *154
 
 court. Service by mail shall be complete upon mailing.
 

 [2]
 

 . This case does not involve a situation in which the parties or their attorney had actual notice of the filings within the sixty-day period.
 

 [3]
 

 . We share in the trial judge’s frustration with this case. Nonetheless, it cannot be said that that these plaintiffs would have dispensed with the filing opportunity afforded to parties under the sixty-day safe harbor provision if they had been properly served by the clerk of the court with the notice of lack of prosecution.