CORTINAS, J.
Following the dismissal of its mortgage foreclosure action against Paul Valentin Basanta and his wife Melba (“Borrowers”) for lack of prosecution, Deutsche Bank National Trust Company (“Bank”) filed a verified motion for relief from the order of dismissal. The trial court denied the motion for relief and the Bank argues on appeal that the denial was reversible error because it never received the notice of lack of prosecution (“FWOP Notice”) and there was sufficient record activity to preclude dismissal. We agree and reverse.
The FWOP Notice at issue was dated January 25, 2010 and specified that the corresponding hearing was scheduled for *217 March 25, 2010. The FWOP Notice further provided that “[i]f record activity occurs within 60 days following the service of this notice, you must provide the court with a copy of the docket showing the record activity attached to your good cause filing or appear at the scheduled hearing.” Additionally, the FWOP Notice warned that “[t]he failure of the party opposing the motion to appear at the hearing and to timely file a showing of good cause in writing, if required, shall constitute an abandonment of any justified defense to the motion and the above styled action shall be dismissed for lack of prosecution. ..
The record demonstrates that, on February 16, 2010, the Bank filed with the court a request for production and a notice of taking the depositions of the Borrowers. On March 25, 2010, apparently unbeknownst to the Bank, the hearing on the FWOP Notice took place and the trial court entered the order dismissing the complaint for lack of prosecution. Unaware of the order of dismissal, the Bank filed a motion to compel after the Borrowers failed to timely respond to the request for production and appear for their scheduled depositions. On July 21, 2010, the trial court entered an order granting the motion to compel and requiring the Borrowers to appear for deposition on August 9, 2010. The trial court also required the Borrowers to provide all documents responsive to the request for production at least one week prior to the depositions and admonished that the Borrowers’ further failure to comply could result in the striking of their pleadings. On August, 6, 2010, the Borrowers’ counsel filed a motion to withdraw. When the Borrowers failed to comply with the August 9, 2010 deadline, the Bank, still unaware of the dismissal order, filed a motion to strike the Borrowers’ affirmative defenses and for entry of a default judgment against the Borrowers. The motion to strike and for default judgment was set for hearing on October 26, 2010.
Without the Bank’s knowledge, on October 20, 2010, the trial court entered an order determining that it no longer had jurisdiction over the case and that the Borrowers’ counsel’s motion to withdraw was, therefore, moot. By all appearances, the very able trial judge was misled with respect to record activity. Mere days before the October 26, 2010 hearing, the Borrowers’ counsel sent the Bank an email stating the motion to strike and for default judgment was moot because the case had already been dismissed for lack of prosecution. The Bank filed a verified motion for relief from the order of dismissal and set it for hearing on the same date as the motion to strike. Due to the closeness in proximity of the filing of the verified motion for relief and the actual hearing date, the trial court did not allow the verified motion to be heard. The court also noted that six days before, on October 20th, it had entered an order finding that it no longer had jurisdiction because the case had been dismissed. This appeal followed.
Rule 1.420(e) clearly states that:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days *218 immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (emphasis added).
Although the Borrowers state in their brief that the order of dismissal “was entered on January 25, 2010,” and that “[subsequent activity occurred after the complaint was dismissed...,” this is simply untrue. Here, the Bank filed its request for production and notice of taking the Borrowers’ depositions well within the 60-day period following the issuance of the FWOP Notice. As we have previously stated, “[t]he Florida Supreme Court in Wilson v. Salomon, 923 So.2d 363, 368 (Fla.2005), created a bright line rule that any filing would prevent dismissal pursuant to ... rule [1.420(e) ]. Likewise, any filing in the 60-day period following the notice or motion for lack of prosecution would qualify as record activity and would keep the case from being dismissed.” Turner v. FIA Card Servs., N.A., 51 So.3d 1242, 1243 (Fla. 3d DCA 2011). Because the record clearly demonstrates that the Bank made the necessary filings within the 60-day period following the FWOP Notice, the case should not have been dismissed for lack of prosecution. Appellee’s counsel should have conceded error on this issue on appeal. See § 57.105 Fla. Stat. (2010); Sullivan v. Sullivan, 54 So.3d 520, 522 (Fla. 4th DCA 2010) (“Fees are appropriate under section 57.105(1) when the party or his attorney pursues a claim or defense that is without factual or legal merit.”) (emphasis added).
Presumably, the trial court dismissed the case, despite the record activity, because it was not notified of the filings by the parties. The Bank asserts that this was due to the fact that it received neither the FWOP Notice nor the order of dismissal. The Bank’s actions subsequent to the issuance of the FWOP Notice and the dismissal of the case are consistent with its contention that it never received notice. Although the FWOP Notice and the order of dismissal generally reference that copies were furnished to counsel of record, the Bank received an e-mail from the clerk of the court’s office stating that “[ujnfortu-nately, the [court’s] data base does not reflect an attorney for the [Bank], therefore, it is safe to assume that none of the attorneys that you mentioned were notified of the pending [FWOP Notice].”
The record shows that the Bank apparently continued its efforts to move forward with the case despite a seeming lack of cooperation from the Borrowers’ counsel. Nothing in the record conclusively refutes the Bank’s assertion that it never received the FWOP Notice or the order of dismissal and, noticeably, the Borrowers make no argument to the contrary on appeal. As such, we find that “the conditions precedent in the provisions of rule 1.420(e) were not satisfied because” the Bank’s counsel “was not properly served with the notice of lack of prosecution.” Boosinger v. Davis, 46 So.3d 152, 153 (Fla. 2d DCA 2010). Accordingly, under the facts of this case, “the trial court abused its discretion in denying the motion for relief from the dismissal order.” Id. at 154.
Because there was record activity as required by rule 1.420(e) and the Bank never received the FWOP Notice, we re *219 verse the trial court’s order of dismissal and remand with instructions to reinstitute the Bank’s lawsuit against the Borrowers.
Reversed and remanded with instructions.