SALTER, J.
Elizabeth Spencer appeals a final summary judgment of foreclosure entered against her in December 2010 based on defaults in payment which are alleged to have begun in July 1997, over thirteen years earlier. We reverse and remand the case with directions to enter a judgment dismissing the foreclosure case based on the lender’s failure to prosecute it, among other procedural and substantive deficiencies.[1]

Background

Ms. Spencer obtained a residential mortgage loan for $75,600 from United Companies Lending Corporation in August 1998. The contract interest rate was 13.5% per annum. The loan was to be amortized over fifteen years in level monthly payments, with the last payment due September 1, 2008.
United Companies commenced a first foreclosure proceeding against Ms. Spencer in early 1998. In March 1999, however, United Companies filed a petition under Chapter 11 of the United States Bankruptcy Code. In September 2000, the bankruptcy court approved the sale of a number of mortgage loans, including the mortgage loan to Ms. Spencer, to EMC Mortgage Corporation, the appellee here. In 2001, EMC was substituted for United Companies as the foreclosing plaintiff against Ms. Spencer, but that lawsuit was dismissed for lack of prosecution in November 2002. The file in that initial foreclosure action was later destroyed by the Miami-Dade circuit court clerk’s office in accordance with its normal procedure.
Later in November 2002, EMC filed a second foreclosure complaint against Ms. Spencer and various other defendants, alleging that Ms. Spencer failed to make regular monthly payments, “the loan being due for July 1, 1997.” In her responsive pleading, Ms. Spencer raised a number of affirmative defenses, including an allegation that the complaint was barred by the statute of limitations. After a substitution of counsel for EMC and various motions, the case languished for thirteen months. The trial court issued a notice of lack of prosecution (order to show cause why the case should not be dismissed), docketed on March 5, 2009, and it scheduled a hearing for the matter for May 29, 2009. There was no record activity in the case during the sixty-day period following the notice of lack of prosecution.
On May 26, 2009, eighty-two days after the notice of lack of prosecution and only *259 three days before the scheduled hearing, EMC filed an unsworn response to the order to show cause and a motion for final summary judgment. At the hearing on the lack of prosecution, EMC’s counsel advised the court that the order to show cause had been sent to the offices of prior counsel — not EMC’s successor counsel— and that he had only learned of the notice two weeks earlier by checking the docket. The trial court denied the motion to dismiss for lack of prosecution after being told by EMC’s counsel that the case could not be re-filed because of the statute of limitations.
EMC’s motion for final summary judgment asserted that default occurred July 1, 1997, that no payment had been made since then, and that the unpaid principal balance was $67,976.78, with interest “from November 1, 2007, through March 15, 2009,” in the amount of $110,112.08, plus interest at $25.14 per day “for each day after May 31, 2009.” The motion indicated that these figures would be set forth in an “Affidavit of Malia Howard” to be filed before the hearing on the motion.
At this point, it is appropriate to do some simple math. The principal balance of $67,976.78 at 18.5% interest (the periodic annual rate on Ms. Spencer’s loan) rounds to $25.14 per day, as reflected in the final judgment. But interest at that daily rate from November 1, 2007, through March 15, 2009, a period of only 501 days, is $12,595.14, not $110,112.08.[2] And when the promised affidavit was filed by EMC three months later — albeit an affidavit executed by Thomas E. Colatriano rather than Malia Howard — the very same patently incorrect figures were used for the same periods. The Colatriano affidavit also included a statement that “On or about July 1, 1997, Spencer defaulted on the Note and Mortgage, and accordingly, the then title holder to the Note accelerated payment of the entire amount due and owing on the Note and Mortgage.”
The trial court granted the motion for final summary judgment in August 2010, and the judgment entered by the court used the interest amount from the affidavit ($110,112.08) but purportedly applicable to the period November 1, 2007, through March 15, 2010, rather than March 15, 2009 (the period of computation in the affidavit). Again that calculation defies simple arithmetic; the total for that longer period at that same daily rate would only be $21,771.24,[3] not $110,112.08. With additional interest from March 16, 2010, late charges, “corporate advances,” escrow/impound overdraft, recording fees, and attorney’s fees and costs, the total final judgment (inclusive of the $67,976.78 principal balance) came to $279,320.49. This appeal followed, and the foreclosure sale has not occurred.

Analysis

A. Lack of Prosecution
Florida Rule of Civil Procedure 1.420(e) provides:
Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record *260 activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
In this case, the record establishes that the case had been inactive for over ten months when the notice of lack of prosecution issued. The record also establishes that there was no record activity in the sixty-day period after the notice went out. Finally, even if EMC’s counsel learned of the prospective dismissal and show cause hearing two weeks before the hearing date as represented to the trial court, EMC did not show good cause in writing at least five days before the hearing why the action should remain pending.
And EMC’s brief is more candid. EMC’s counsel actually became aware of the notice of lack of prosecution (docketed March 5, 2009) in “late March or April, during a review of the lower court docket.” EMC’s attorneys fee affidavit and billing records are even more definitive: a March 30, 2009, time entry narrative states “Review and analyze docket re order entered to show cause why case should not be dismissed for lack of prosecution.” EMC thus had ample time, over a month, within the sixty-day window allowed for record activity that would defeat dismissal. That fact, without more, takes this case out of the “no notice received” exceptions detailed in Deutsche Bank National Trust Co. v. Basanta, 88 So.3d 216 (Fla. 3d DCA 2011), and Boosinger v. Davis, 46 So.3d 152,154 n. 2 (Fla. 2d DCA 2010).
Ms. Spencer is correct that the second foreclosure case should have met the same fate as the first — dismissal for failure to prosecute.
B. Statute of Limitations
Ms. Spencer is also correct that enforcement of the note and mortgage was likely barred by the five-year statute of limitations, section 95.11(2)(c), Florida Statutes (2002). The complaint alleges that the full unpaid principal amount was due by virtue of a default on July 1,1997. EMC’s officer Mr. Colatriano swore in his affidavit that default occurred on July 1, 1997, and “the then title holder to the Note accelerated payment of the entire amount due and owing on the Note and Mortgage.” It appears on the face of the existing record, then, that acceleration likely occurred over five years before this lawsuit was filed in late November 2002. Ms. Spencer raised the statute of limitations as an affirmative defense, and EMC did not demonstrate the absence of a genuine issue of material fact regarding that issue.
But for the dismissal for failure to prosecute, Ms. Spencer would be entitled to a remand for fact-finding regarding the date of acceleration, a date which plainly occurred before the maturity date of the note and mortgage (September 2008). Monte v. Tipton, 612 So.2d 714, 716 (Fla. 2d DCA 1993). It is difficult to imagine how EMC — which acquired the loan years after default and the filing of the first foreclosure action — could prevail against Ms. Spencer’s testimony on acceleration, since she seems to be the only person who has had any continuous connection to the *261 loan; but this of course would have been for the trial court to resolve.
C. Facially Incorrect Computations of Indebtedness
But for our determination that the case should have been dismissed in 2009 for lack of prosecution, we would also reverse and remand the final summary judgment because of its patently incorrect computations of Ms. Spencer’s alleged indebtedness. If the interest accrual dates were to have commenced in 1997 rather than “November 1, 2007,” EMC’s motion for final summary judgment and affidavit should have so stated. The final summary judgment compounds the error by coming to the same incorrect interest figure while adding an additional year to the computation period.
Lawyers, no less than clients, need to be handy with a calculator and give attention to detail if they wish to work on mortgage loan cases. In a residential loan setting such as this, someone’s home is at stake, and the lien calculation affects redemption rights and bidding at a later sale. Conclusion
The final summary judgment is reversed. The order denying the motion to dismiss for failure to prosecute the second, 2002 foreclosure case is reversed and vacated. The ease is remanded to the trial court for dismissal and for an award of trial and appellate attorney’s fees and costs to Ms. Spencer.[4] Ms. Spencer’s additional issue regarding the insufficiency of proof of lost, stolen, or destroyed original instruments is moot as a result of our disposition of the other points on appeal.
Reversed and remanded, "with directions.
FERNANDEZ, J., concurs.

. The parties agreed to stay a foreclosure sale until this appeal could be completed.

. Applying the default interest rate of 18% per annum only reduces the computational error from over $97,000 to over $93,000.

. Principal of $67,976.78 at 13.5% per an-num, $25.14 per day, for 866 days.

.In view of the likelihood that this action is barred by the applicable statute of limitations, a party may question whether any motion for attorney's fees and costs may now be pursued. We conclude that such a motion may proceed based on the analysis in Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla.1989) (holding that attorney’s fees may be recovered under a prevailing party provision even though the contract itself is determined to be unenforceable).