SCHWARTZ, Senior Judge
(specially concurring).
Because of the stumbling, bumbling, and general ineptitude of the mortgagee and its representatives, the appellant has managed to remain in the mortgaged premises without payment for over fifteen years after defaulting in 1997. While it therefore pains me deeply to do so, I concur in the reversal[5] of the summary judgment of foreclosure against her. I do so for two reasons:
I.
I agree that the action should have been dismissed for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). There is no doubt that the plaintiff took none of the steps required to avert dismissal under the rule.[6] Its argument that denial of dismissal was appropriate under Deutsche Bank National Trust Co. v. Basanta, 88 So.3d 216 (Fla. 3d DCA 2011), because the notice was not properly “served” on the plaintiff as the rule provides, is, I think, incorrect. It is undisputed that the plaintiff had actual knowledge *262 of the notice within the sixty-day period and, nevertheless, failed to demonstrate either activity or the good cause for its absence required to avert dismissal. (It is admitted that no such activity or cause was ever demonstrated because they did not exist.) I read Basanta as involving a situation in which, unlike this one, the plaintiff had no knowledge at all of the order in question. It accordingly does not control here. Therefore, we are required to resolve the issue which was not presented in Basanta, and which was mooted in Boosinger v. Davis, 46 So.3d 152 (Fla. 2d DCA 2010). (“This case does not involve a situation in which the parties or their attorney had actual notice of the filings within the sixty-day period.”) Boosinger, 46 So.3d at 154 n. 2. With the court, I see no reason why the failure to properly serve something on someone who already knows of the document’s existence should relieve that individual of the consequences which would inevitably flow from his failure to establish, at any time or in any way, that he was entitled to relief. See Grainger v. Wald, 29 So.3d 1155 (Fla. 3d DCA 2010) (holding service of notice to creditors upon creditor’s personal injury attorney instead of probate attorney was effective insofar as creditor had actual notice of limitations period for filing claim); Dep’t of Highway Safety & Motor Vehicles v. Nikollaj, 780 So.2d 943 (Fla. 5th DCA 2001) (holding actual notice of reason for driver’s license suspension satisfies statutory notice requirement); Phoenix Ins. Co. v. McCormick, 542 So.2d 1030 (Fla. 2d DCA 1989) (holding insurer’s service of written notice of coverage defense substantially complied with statutory notice requirement despite failure to serve notice by registered or certified mail).
II.
Even if this were not so, the summary judgment should not be affirmed. Far from establishing the right to that relief beyond genuine issue on the statute of limitations defense, City of Brooksville v. Hernando County, 424 So.2d 846 (Fla. 5th DCA 1982); Kitchen v. Kitchen, 404 So.2d 203 (Fla. 2d DCA 1981), the record contains unrebutted affirmative evidence from the plaintiffs representative that a prior owner of the mortgage had appropriately accelerated it, thus triggering the limitations period under section 95.11(2)(c), Florida Statutes (2012), well more than five years before the commencement of this action. See Greene v. Bursey, 733 So.2d 1111 (Fla. 4th DCA 1999); Monte v. Tipton, 612 So.2d 714 (Fla. 2d DCA 1993); Locke v. State Farm Fire & Cas. Co., 509 So.2d 1375 (Fla. 1st DCA 1987). If anything, only the appellant was entitled to judgment on this record.
As someone — probably either St. Thomas More or George Costanza — must have said, the law is the law. Notwithstanding the distasteful consequences of applying it in this case, it must be served.

. In the first incarnation, this passage read “I feel that I must dissent from the affirmance. ...” See De Leon v. Great Am. Assurance Co., 78 So.3d 585, 586 n. 1 (Fla. 3d DCA 2011).

. The present action is the second attempt to foreclose the mortgage. The first case was in fact dismissed for lack of prosecution. (This case demonstrates the exquisite accuracy of the acronym [f]or [l]ack [o]f [p]rosecution.)