SHEPHERD, C.J.
James R. Courtney appeals an order denying his motion to vacate a final order of dismissal for want of prosecution rendered under Florida Rule of Civil Procedure 1.420(e). Courtney contended below, *740 and continues to maintain here, that his motion should have been granted because it is undisputed in the record that he did not receive either the notice of inactivity or the final order of dismissal. We agree and reverse the order of the trial court.
FACTS AND PROCEDURAL HISTORY
On May 15, 2009, James R. Courtney filed this action against Catalina, Ltd. On February 11, 2011, the trial court issued a computer-generated Notice of Lack of Prosecution in compliance with Florida Rule of Civil Procedure 1.420(e). The notice stated that no activity appeared of record during the preceding ten months, and the case would be dismissed at a hearing scheduled for that purpose on May 20, 2011, unless, not later than five days before the date of hearing, Courtney filed a copy of the docket exhibiting record activity within sixty days of the date of notice, or otherwise showed cause to the court in writing, filed by the same deadline, and appeared at the hearing as well. The court’s notice of service, found at the foot of the Notice of Lack of Prosecution, which also appears to be computer-generated, reads as follows: “cc: Counsel/Parties of Record.” On May 20, 2011, the trial court dismissed the case sua sponte for want of prosecution, with the same notice of service at the foot of the order.
On April 13, 2012, Courtney’s attorney filed a verified motion to vacate the order of dismissal pursuant to Florida Rule of Civil Procedure 1.540(b)(4), which authorizes a trial court to afford relief to a party when “[a] judgment or decree is void.” Attached to the verified motion was counsel’s affidavit asserting that the notice and order were never served on him or co-counsel. Opposing counsel has not argued to the contrary. The trial court denied the motion on the ground that the availability to counsel of the online docket satisfied the notice requirement.
ANALYSIS
Florida Rule of Civil Procedure 1.420(e) requires that a notice of inactivity be “serve[d]” upon all parties. Fla. R. Civ. P. 1.420(e). Rule 1.080(a) likewise requires “all orders” issued by a trial court to be “served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.” Florida Rule of Judicial Administration 2.516 delineates the permissible methods of service of pleadings and other documents by parties and court orders. Postings to an online court docket are not encompassed by the rule. See Fla. R. Jud. Admin. 2.516(b).
There is no evidence in the record refuting Courtney’s counsel’s contention that he did not receive service of the notice of inactivity or dismissal order. The failure of a court to properly effect service of a notice of inactivity deprives a plaintiff of the “opportunity to avail [himself] of the sixty-day period provided by rule within which to act.” Boosinger v. Davis, 46 So.3d 152, 154 (Fla. 2d DCA 2010). Counsel for the defendant, Catalina, Ltd., has neither offered evidence nor argued to the contrary either below or here on appeal. We conclude the trial court abused its discretion in refusing to vacate the order of dismissal. Deutsche Bank Nat’l Trust Co. v. Basanta, 88 So.3d 216, 218 (Fla. 3d DCA 2011) (quoting Boosinger, 46 So.3d at 153).
We reverse the order denying the motion to vacate and remand with the direction that the order of dismissal be vacated.