# Third District Court of Appeal

## State of Florida

Opinion filed November 19, 2014.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D14-1016
Lower Tribunal No. 06-23312

————————

**Roy Morla,**
Appellant,

vs.

**Armani Investments LLC., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Kevin S. Opolka, for appellant.

Richard J. Diaz; Gustavo Rodriguez, for appellees.

Before SHEPHERD, C.J., and SALTER and FERNANDEZ, JJ.

SALTER, J.

Roy Morla appeals an order dismissing his case for lack of prosecution.

Although this case is well past its sell-by date, we are constrained by Florida Rule

of Civil Procedure 1.420(e) and our own precedent to vacate the order of dismissal and remand the case for further (and, hopefully, more active) prosecution.

A straightforward civil complaint was filed by Mr. Morla in November 2006 against the appellees. Mr. Morla alleged that he had been a lessee of certain commercial property, and that certain tools, parts, and equipment that he owned were wrongfully removed from the property in 2004 by a purchaser of the premises.

Following sporadic pretrial discovery, and after the filing of a "notice of unavailability/absence" six years into the case, a further 13 months of record inactivity followed. The docket indicates that a computer-generated "Notice of Lack of Prosecution" was generated on January 16, 2014, and set for a hearing on April 4, 2014. The only version of such a document in the actual record, however, bears the trial court's signature and a stamp indicating that it was signed and served on February 5, 2014. This version also set the hearing on April 4, 2014, only 58 days after the stamped signature date on the notice.

The parties agree, and the record confirms, that Mr. Morla's counsel filed a "Plaintiff's Response (Demonstrating Record and Non-Record Activity) and Good Cause to Notice of Lack of Prosecution," on March 27, 2014, in addition to certain affidavits and a request for production. That flurry of activity occurred within the

60-day period measured from the date of the signature on the "Notice of Lack of Prosecution" and eight days before the scheduled hearing on the matter.

Counsel for Mr. Morla and for the defendants/appellees appeared at the hearing on April 4, 2014. After hearing argument, the trial court entered a computer-generated form order dismissing the case for lack of prosecution, checking the box stating:

> THE COURT FINDS that no party opposing the motion to dismiss for lack of prosecution having appeared as ordered and demonstrated the existence of the requisite record activity or that action had been stayed nor having timely filed a showing of good cause in writing, if required, and therefore, in the absence of any evidence to the contrary, the Court finds that (1) notice prescribed by Rule 1.420(e) was timely served; (2) there was no record activity during the 10 months immediately preceding service of the foregoing notice; (3) there was no record activity during 60 days immediately following service of the foregoing notice; (4) no stay has been issued or approved by the Court; and (5) no party has shown good cause why this action should remain pending;
>
> THEREFORE, IT IS ORDERED that this action is dismissed for lack of prosecution.

Upon the record before us, however, Mr. Morla's counsel did appear as ordered at the hearing, there was record activity during the 60-day period following service of the notice, and there was at least a timely attempt to show good cause why the case should remain pending. Under those circumstances, we are compelled to vacate the order of dismissal and remand the case for a resumption of prosecution. Deutsche Bank Nat'l Trust Co. v. Basanta, 88 So. 3d

3

216 (Fla. 3d DCA 2011). We suspect and trust that, ten years after the alleged incidents giving rise to the case below, this case will proceed more expeditiously than it has to this point.

Order vacated, case remanded for further proceedings.