IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RESIDENTIAL MORTGAGE
LOAN TRUST 2013-TT2, BY
U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY, BUT
SOLELY AS LEGAL TITLE
TRUSTEE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5049

     Appellant,

v.

BARBARA L. SMITH and
ROBIN M. DOZIER-GHENT, ET
AL.,

     Appellees.

_____/

Opinion filed June 4, 2015.

An appeal from the Circuit Court for Duval County.

Kimberly N. Hopkins of Shapiro, Fishman & Gachè, LLP, Tampa, for Appellant.

No appearance for Appellees.

KELSEY, J.

     Appellant challenges an order denying its motion to set aside a final order of

dismissal under Florida Rule of Civil Procedure 1.420(e). Because there is sufficient

evidence in the record to establish that Appellant was entitled to relief from the judgment, we reverse.

Appellant and its predecessors as plaintiffs were represented by the same law firm throughout the litigation. Appellant's predecessor filed a complaint for foreclosure on August 21, 2009, and record activity occurred until June of 2011, at which point it stopped. On October 15, 2012, the trial court issued a provisional order of dismissal, stating that no record activity had occurred during the preceding ten months and that the case would be dismissed automatically on December 19, 2012, unless good cause or excusable neglect was shown by five days before a hearing noticed for that date. No response was filed, no record activity occurred before the deadline, and no one attended the scheduled hearing on the dismissal. Thus, the provisional order became final by its own terms on December 19, 2012, and then was recorded as an official record. There is no indication that the order was provided to the parties upon becoming final. The order bore only a notation that the provisional order had been mailed on October 15, 2012 to the attorney who had filed the complaint for Appellant's predecessor.

Beginning two months after the provisional order became final, the plaintiff resumed regular record activity. The record activity included two motions that a different judge on the trial court granted, apparently without any awareness of the earlier order of dismissal. When Appellant's attorney discovered the dismissal in the

2

course of trying to set a hearing on a motion for summary judgment, he filed a verified motion to set aside the order of dismissal pursuant to Florida Rule of Civil Procedure 1.540(b). The verified motion was supported by an affidavit asserting that the law firm never received the provisional order, notice of hearing, or final order; or alternatively that, if they had been received, they were misfiled and overlooked despite the fact that the firm had, and routinely followed, adequate procedures for screening and tracking such notices in an electronic case management system. There was no contrary evidence in the record. The motion to vacate the dismissal went back before the trial judge who had entered the original dismissal, and was denied because of the lack of record activity for the eighteen months before the dismissal became final. The order made no reference to Appellant's arguments or affidavit, nor to the intervening record activity including the granting of motions.

Under these circumstances, the trial court abused its discretion in denying the motion to set aside the final order of dismissal. See <u>Courtney v. Catalina, Ltd.</u>, 130 So. 3d 739, 740 (Fla. 3d DCA 2014). The record demonstrates good cause to set aside the December 19, 2012 final order of dismissal because the final order does not reflect that it was served on the parties as would have been preferable. <u>See</u> Fla. R. Civ. P. 1.080(h) (requiring all documents filed in an action to be served in conformity with Fla. R. Jud. Admin. 2.516, which in subparagraph (h) governs service of orders). If there were any doubt about whether Appellant received notice

3

of the impending dismissal, it merits emphasis that subsequent record activity occurred without objection from the trial court or the Appellees, and that the trial court entered orders granting motions that Appellant filed after the supposed dismissal of the case.

Accordingly, we REVERSE the order denying the motion to set aside the final order of dismissal, and REMAND with directions to vacate that order and allow proceedings below to resume.

LEWIS, C.J. and RAY, J., CONCUR.