# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1517
Lower Tribunal No. 18-9979
_____

## Jose Luis Bravo,
Appellant,

vs.

## CJM Partners LLC, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

The Andres Lopez Law Firm, PA, and Andres H. Lopez (Coral Springs), for appellant.

Law Offices of Rodrigo S. Da Silva, P.A., and Rodrigo S. Da Silva, for appellees.

Before LOGUE, HENDON and GORDO, JJ.

GORDO, J.

Jose Luis Bravo appeals a trial court order denying his motion to set aside the order dismissing his case. We have jurisdiction. Fla. R. App. P. 9.130(a)(5). The record establishes Bravo was never sent notice of inactivity as required by Florida Rule of Civil Procedure 1.420(e) or the trial court's order dismissing the case for lack of prosecution. Neither CJM Partners LLC nor Jesus Arancibia provided sufficient evidence to the contrary. See Daughtrey v. Daughtrey, 944 So. 2d 1145, 1148 (Fla. 2d DCA 2006) ("[U]nsworn representations by counsel about factual matters do not have any evidentiary weight."). Accordingly, we conclude the trial court abused its discretion in denying the motion to set aside the order of dismissal. See Courtney v. Catalina, Ltd., 130 So. 3d 739, 740 (Fla. 3d DCA 2014) (reversing an order denying a motion to vacate pursuant to rule 1.540(b)(4) where there was "no evidence in the record refuting [Appellant's] counsel's contention that he did not receive service of the notice of inactivity or dismissal order"); Deutsche Bank Nat. Tr. Co. v. Basanta, 88 So. 3d 216, 218 (Fla. 3d DCA 2011) (reversing an order of dismissal, in part, because "[n]othing in the record conclusively refutes the [Appellant's] assertion that it never received the FWOP Notice or the order of dismissal"); Lamoise Grp., LLC v. Edgewater S. Beach Condo. Ass'n, Inc., 278 So. 3d 796, 800 (Fla. 3d DCA 2019) (noting the "failure to furnish appellant with a copy of the final

2

disposition, in combination with the earlier deprivation of notice, rendered the [dismissal] decree void").

Reversed and remanded.